## Knight v. Springfield Hyundai

*William Charles Bensley,* for appellant.

272

*Tamara Chasan,* for appellants.

TERESHKO, *J.*, February 13, 2013—Plaintiff, Beverly Knight appeals from this court's orders entered May 28, 2010 sustaining defendants Springfield Hyundai and Drive Financial's preliminary objections, thereby transferring the matter to binding arbitration in addition to this court's order of September 27, 2012 denying plaintiff's petition to vacate arbitration award and the court's May 28, 2010 orders.

## FACTUAL BACKGROUND

The instant matter arises out of a buyer's order and Retail Installment Sales Contract entered into on February 19, 2008 for plaintiff's purchase of a 2007 Hyundai Sonata. (Amended complaint, ¶ 31). Plaintiff's complaint alleges various misrepresentations and omissions by defendants regarding the condition of the vehicle as well as the terms of the subject agreement, i.e. odometer fraud, charging unlawful fees, and misrepresenting the vehicle's accident and ownership history. (Amended complaint, ¶¶ 30-50). These misrepresentations and omissions form the basis of plaintiff's claims for fraud, breach of contract, negligence, negligent misrepresentation, breach of fiduciary duty, violations of the Uniform Commercial Code, conversion, violations of the Fair Credit Extension Uniformity Act, and violations of the Unfair Trade Practices Act.

Plaintiff commenced this action by filing her complaint on February 16, 2010. (See docket). Springfield Hyundai filed preliminary objections to plaintiff's complaint on March 15, 2010. (See docket). Plaintiff filed an amended

complaint on April 5, 2010, and Springfield Hyundai filed a second set of preliminary objections on April 22, 2010. (See docket). Drive Financial filed preliminary objections to plaintiff's complaint on May 4, 2010. (See docket). Plaintiff filed answers to pringfield Hyundai and Drive Financial's preliminary objections on May 12, 2010 and May 24, 2010, respectively. (See docket).

On May 28, 2010, this court sustained both sets of preliminary objections and transferred the case to binding arbitration. (See docket). On June 8, 2010, plaintiff filed a motion for reconsideration of this court's May 28, 2010 orders, and Drive Financial and Springfield Hyundai filed an answer to plaintiff's motion for reconsideration on June 29, 2010. (See docket). On July 1, 2010, this court marked plaintiff's motion for reconsideration moot as the appeal period had passed. (See docket).

The arbitrator entered an award on December 29, 2011 in favor of plaintiff and against Springfield Hyundai in the amount of $2,985.70. (Plaintiff's petition to vacate arbitration award and the court's May 28, 2010 order, ¶7). The arbitrator also gave defendants a set off of $2014.29 and ordered them to pay the AAA administrative fees of $1275.00 and the arbitrator's fee of $750.00 and to reimburse the plaintiff $375.00 for prepaid fees. *Id.* On January 30, 2012, plaintiff filed a motion to vacate the arbitration qward and the court's May 28, 2010 orders, and Drive Financial and Springfield Hyundai filed an answer in opposition of the motion to vacate on February 21, 2012. (See docket). On September 27, 2012, this court denied plaintiff's motion to vacate the arbitration award

and its orders of May 28, 2010. (See docket).

On October 24, 2012, plaintiff appealed this court's orders: granting Springfield Hyundai's preliminary objections and transferring the matter to binding arbitration, granting Drive Financial's preliminary objections and transferring the matter to binding arbitration, and denying plaintiff's motion to vacate the arbitration award and this court's orders of May 28, 2010 transferring the matter to binding arbitration. (See docket). This court ordered plaintiff to file her concise statement of matters complained of on appeal on November 5, 2012, and plaintiff complied on November 23, 2012. (See docket).

The issues to be addressed on appeal are:

1) whether this court erred by transferring the action to binding arbitration where plaintiff signed a buyer's order containing an arbitration clause; and

2) whether this court erred by declining to vacate the arbitration award entered in favor of plaintiff where plaintiff was not denied a hearing, and there is a lack of evidence that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award.

## LEGAL ANALYSIS

"A written agreement to subject any existing controversy to arbitration, or a provision in a written agreement to submit to arbitration is valid, enforceable and irrevocable save upon such grounds as exist at law or in equity relating to validity, enforceability or revocation."

42 Pa.C.S. § 7303. Courts apply a two-part test to determine whether arbitration is required. *Midomo Co., Inc. v. Presbyterian Hous. Dev. Co.*, 739 A.2d 180, 186 (Pa. Super.1999). First, the court must determine whether a valid agreement to arbitrate exists between the parties. *Id.* Second, if such agreement does exist, then the court must determine whether the dispute involved is within the scope of the agreement. *Id.*

An agreement to arbitrate was signed by the parties. The buyers order is the written agreement for the sale of the vehicle by Springfield Hyundai to plaintiff. The retail installment sales contract (RISC) is the written agreement detailing the plaintiff's financing of the vehicle. These documents operate in unison to explain the rights and obligations of the parties.[4]

The buyers order requires all disputes between the parties be resolved by arbitration. Plaintiff argues that because the RISC does not mandate arbitration of disputes, and the document contains an integration clause,[5] the RISC voids the arbitration requirement contained in the buyers order. However, the RISC *only* pertains to the *financing* of the vehicle and would thus void or supersede *only* terms regarding financing of the vehicle.

The buyers order contains sixteen additional terms and

---

4. Pennsylvania Motor Vehicle Law contemplates that there will be more than one document executed in an agreement for the sale of a motor vehicle. *See* 37 Pa. Code § 301.4(a)(3)(stating "[F]ailing to provide a purchaser, at no additional charge, an exact copy of each document required by law to be provided including, but not limited to the agreement of sale, installment sales contract, odometer statement, and warranty and other documents in which legal obligations are imposed on the buyer."

5. The integration clause in the RISC states, "this contract contains the entire agreement between you and us relating to this contract."

conditions, including the arbitration clause, as well as price, trade allowance, taxes, document fees, deposit, etc. The RISC does not void or supersede any of these terms as they are not encompassed within the scope of the RISC and were never intended to be. If the RISC operated to void all terms in the buyers order not contained in the RISC, basic terms of the agreement between the parties would be missing. The buyers order is intended to complement the RISC and the documents function together to complete the agreement of the parties

Second, the dispute between the parties to this lawsuit is within the scope of the arbitration clause contained in the buyers order. The arbitration clause contained in the buyers order is broad and would certainly cover the allegations presented in plaintiff's complaint. It states:

It is the intention of the parties that the claims or disputes subject to arbitration hereunder shall be construed as broadly as permitted by applicable law and shall include, but are not limited to, those arising from or relating to the enforceability of this agreement, the terms and provisions of the sale, lease, or financing agreements, the purchase of insurance, extended warranties, service contracts or other products purchased as an incident to the sale, lease or financing of the vehicle, the performance or condition of the vehicle, or any other aspects of the vehicle and its sale, lease or financing including, without limitation, claims based upon state and/or federal statutes, contract claims, tort claims, fraud claims, damage claims and/or misrepresentations. Buyers Order attached as Exhibit

"B" to Drive Financial's Preliminary Objections, ¶ 16).

Plaintiff's complaint alleges various misrepresentations and omissions by defendants regarding the condition of the vehicle as well as the terms of the subject agreement, i.e. odometer fraud, charging unlawful fees, and misrepresenting the vehicle's accident and ownership history. Her complaint contains counts for fraud, breach of contract, negligence, negligent misrepresentation, breach of fiduciary duty, violations of the Uniform Commercial Code, conversion, violations of the Fair Credit Extension Uniformity Act, and violations of the Unfair Trade Practices Act. These allegations are within the scope of the arbitration clause contained in the buyers order, and the action is properly submitted to arbitration.

The second issue raised by plaintiff is whether this court erred by declining to vacate the arbitration award. Pursuant to 42 Pa. C.S. § 7341, "Common law arbitration,"

> The award of an arbitrator in a nonjudicial arbitration which is not subject to Subchapter A (relating to statutory arbitration) or a similar statute regulating nonjudicial arbitration proceedings is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award.

Plaintiff's contention is that this court erroneously transferred this matter to arbitration; therefore, the arbitrator lacked jurisdiction to hear the matter, making

the award unjust. However, for the reasons stated above, the matter was properly transferred to arbitration because a valid agreement to arbitrate existed, and the dispute is within the scope of the arbitration clause. Therefore, the arbitrator possessed jurisdiction to render a judgment, and this court did not have the authority to vacate it.

## CONCLUSION

For the foregoing reasons, this court respectfully requests that the May 28, 2010 orders granting defendants Springfield Hyundai and Drive Financial's preliminary objections and transferring the case to binding arbitration in addition to the September 27, 2012 order denying plaintiff's petition to vacate arbitration award and the court's May 28, 2010 orders be affirmed.